```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
                                        :
CHOICE HOTELS INTERNATIONAL,
INC.                                    :

     v.                                 :   Civil Action No. DKC 20-2162

                                        :
STILLWATER JOINT VENTURE, LLC,
et al.                                  :
```

**MEMORANDUM OPINION**

This case is before the court on the application of Choice Hotels International, Inc. to confirm an arbitrator's award in its favor against Stillwater Joint Venture, LLC and Samit Patel. Presently pending and ready for resolution are motions for clerk's entry of default (ECF No. 5) and default judgment (ECF No. 6), filed by Plaintiff Choice Hotels International, Inc. ("Plaintiff").  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motions will be granted.

**I.   Background**

Plaintiff commenced this action on July 24, 2020, by filing an application to confirm an arbitration award against Defendants Stillwater Joint Venture, LLC and Samit Patel.  (ECF No. 1).  The attached "ex-parte award of arbitrator," dated January 16, 2020, recites that Plaintiff established by a preponderance of the evidence that Defendants materially defaulted on the franchise

agreement entered into on May 14, 2014, and that Plaintiff incurred damages under the franchise agreement for unpaid franchise fees, interest, and liquidated damages. (ECF No. 1-2). The arbitrator ordered Defendants Stillwater Joint Venture, LLC and Samit Patel to pay, jointly and severally, the total sum of $189,296.47 (consisting of $65,068.62 in franchise fees, $16,667.18 in interest, $99,894.67 in liquidated damages, $5,100 in administrative fees of the American Arbitration Association and $2,566 for the fees and expenses of the arbitrator).[1] Plaintiff's application requests the entry of a judgment in favor of Plaintiff and against Defendants Stillwater Joint Venture, LLC and Samit Patel, individually, jointly and severally, in the amount of $189,296.47, plus post-judgment interest until paid, and $400.00 for the costs of this action. (ECF No. 1, at 6).

Plaintiff filed a return of service on August 10, 2020, indicating that Defendant Samit Patel personally received service on behalf of himself, individually, and on behalf of Defendant Stillwater Joint Venture, LLC in his capacity as resident agent on August 4, 2020. (ECF Nos. 4-1, 4-2). Plaintiff filed the pending

---

[1] The arbitration award indicates that Defendants Stillwater Joint Venture, LLC and Samit Patel failed to participate in arbitration after due notice. (ECF No. 1-2). The arbitration clause in the parties' franchise agreement provides, "If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear." (ECF No. 1-2 ¶ 21).

motions for entry of default (ECF No. 5) and for default judgement (ECF No. 6) on September 30, 2020.  Neither Defendant has responded to these motions.

**II.  Motion for Entry of Default**

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Although this rule refers to entry of default by the clerk, "it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).

Both defendants were served on August 4, 2020, by personal service upon Samit Patel both in his individual capacity and as resident agent for Stillwater Joint Venture, LLC.  (ECF Nos. 4-1, 4-2).  Defendants were required to respond to Plaintiff's complaint within twenty-one days after service and have failed to do so or otherwise defend this action.  Accordingly, Plaintiff's motion for entry of default will be granted.

**III. Motion for Default Judgment**

A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002).  The United States Court of

Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), "but default judgment may be appropriate when the adversary process has been halted because of an [] unresponsive party," *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Id.* at 422. Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

Plaintiff's application for confirmation of the arbitration award and motion for default judgment both request the entry of judgment in the amount of $189,296.47, together with interest at the post-judgment rate until paid, plus $400.00 for the costs of this action. (ECF Nos. 1, 6). The court need not specifically grant an award of post-judgment interest as Plaintiff is entitled

4

to recover such interest by operation of law. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law." *United Cmty. Bank v. Arruarana*, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2ᵈ Cir. 2006); *McColl Partners, LLC v. DME Holdings, LLC*, 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011)). As set forth in 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

The arbitration clause in the parties' franchise agreement provides, in part, that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court

5

having jurisdiction." (ECF No. 1-2 ¶ 21). Pursuant to the arbitration clause, arbitration occurred in and a judgment was awarded in the State of Maryland. (ECF Nos. 1-2 ¶ 21; 1 ¶ 11). Thus, Plaintiff properly filed its application with this court within one year after the award was made, and an order confirming the award must be granted unless the award is vacated, modified, or corrected.

Section 10 of the Federal Arbitration Act allows for vacatur of an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Additionally, the court may vacate an arbitration award "if the arbiter acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The scope of review of an arbitrator's award is strictly limited to avoid frustrating the

fundamental purpose of arbitration – *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings – and the burden of proof is on the party challenging the award to clearly establish one of the grounds for vacating the award.  *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992).

By failing to answer or otherwise respond to Plaintiff's application, Defendants have not demonstrated any ground for vacating the award.  The arbitrator issued the award after finding Plaintiff's motion for judgment to be supported by evidence presented.  (ECF No. 1-3, at 2).  There is no evident reason why the award should not be confirmed.  Accordingly, Plaintiff's application for confirmation of the arbitration award is granted, and Plaintiff's motion for entry of a default judgment in the amount of $189,296.47, together with interest at the post-judgment rate until paid, plus costs of $400.00 will be granted.

                                                          /s/
                                    DEBORAH K. CHASANOW
                                  United States District Judge