IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. | : |
|  | : |
| v. | :  Civil Action No. DKC 20-2162 |
|  | : |
| STILLWATER JOINT VENTURE, LLC, et al. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to set aside default judgment by one of the defendants, Samit (Samitkumar) Patel.[1]  The issues have been briefed and no hearing is deemed necessary.  Local Rule 105.6.  For the following reasons, the motion will be denied.

**I.  Background**

Choice Hotels International, Inc. initiated this action on July 24, 2020, by filing an Application to Confirm Arbitration Award.  (ECF No. 1).  Summonses were issued by the Clerk on July 27, 2020.  (ECF No. 3).  On August 10, 2020, Choice filed returns of service, reflecting that Mr. Patel was personally served on

---

[1] The motion can only relate to the individual defendant, and not also to Stillwater Joint Venture, LLC.  Only individuals may represent themselves.  All other parties must be represented by counsel, and Mr. Patel may not appear on behalf of the LLC.

August 4.   (ECF No. 4).   A copy of that return of service was mailed to Mr. Patel.  (ECF Nos. 13, at 3; 17, at 2).

When neither defendant responded to the Application to Confirm, Plaintiff's motion for entry of default and for default judgment was granted, on November 10, 2020.  (ECF No. 9).

Nearly six months later, on May 6, 2021, Mr. Patel filed a motion to set aside default judgment.  (ECF No. 13).  Mr. Patel claims that he was not and could not have been personally served at the indicated address on August 4, 2020, because he was working elsewhere.  (ECF No. 13, at 4).  He does acknowledge receiving papers "by mail" on or about August 12 and describes them as "court papers, dated 27th [sic] July 2020."  (ECF No. 13, at 10).  He says that he immediately forwarded the papers to his uncle and to an attorney, Mahesh Patel.  (ECF No. 13, at 10-11).  Although he now states that there was communication between the attorney and counsel for Chase, he also states that he did not hear anything further from his uncle or counsel.  (ECF No. 13, at 11).  When, in November 2020, he received the Orders of Default, he forwarded them on and also called and left messages for his uncle and the lawyer.  (ECF No. 13, at 11).  He says he believed that Mr. Mahesh Patel was "the attorney for my Uncle, me, and Stillwater Joint Ventures."  (ECF No. 13, at 3).  He received a call on or around

March 24, 2021, from a debt collector.  (ECF No. 13, at 11).  He
then reviewed the court file and filed the pending motion on May 6.
(ECF No 13, at 4).

Choice Hotels has supplied an email dated August 12 (which
appears not to be contested by Mr. Patel) from Mr. Mahesh Patel to
counsel for Choice Hotels that attached the summons for Mr. Patel
and the complaint, along with the civil cover sheet and corporate
disclosure.  (ECF No. 17-1, at 1).  As pointed out by Plaintiff,
those papers were not mailed to Mr. Patel, but had been in the
service packet for personal service.  (ECF No. 17, at 3).  The
only mailing around that time was the return of service.  (ECF No.
17, at 3).

## II.  Standard of Review

Rule 55(c) of the Federal Rules of Civil Procedure provides:
"The court may set aside an entry of default for good cause, and
it may set aside a final default judgment under Rule 60(b)."
Fed.R.Civ.P. 55(c). Rule 60(b) allows a court to relieve a party
from a judgment on several grounds, including "(1) mistake,
inadvertence, surprise, or excusable neglect; . . . (3) fraud
(whether  previously  called  intrinsic  or  extrinsic),
misrepresentation, or misconduct by an opposing party; (4) the
judgment is void; . . . or (6) any other reasons that justifies

3

relief."   A motion under Rule 60(b) "must be made within a reasonable time" and must be made within a year of the entry of the judgment if it is based on mistake, inadvertence, surprise, or excusable neglect. *Id.* at 60(c)(1).

While granting a Rule 60(b) motion is at the discretion of the district court, the Fourth Circuit has taken an increasingly liberal view of Rule 60(b) motions and, generally, the law disfavors judgments by default. *Earls v. Forga Contracting, Inc.*, No. 1:19-CV-00190-MRE-WCM, 2021 WL 4391708, at *2 (W.D.N.C. Sept. 24, 2021) (citations omitted).

A party seeking to set aside a default judgment must make a threshold showing of three things:  (1) the Rule 60(b) motion is timely; (2) the party who obtained the default judgment will not suffer unfair prejudice if the default judgment is set aside; and (3) the party seeking to set aside the default judgment has a meritorious defense.  *Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 94 n. 3 (4th Cir. 1997).  The party seeking to set aside the default judgment must then demonstrate entitlement to relief under one of Rule 60(b)'s six subsections.

## III. Discussion

### A.    Rule 60(b)(4): Void judgment

Subsection 4 of Rule 60(b), pertaining to a void judgment, does not require the party to make the threshold showing to obtain relief.  *Ballard v. Bank of Am., N.A.,* No. CIV.A. 2:12-2496, 2013 WL 1337356, at *2, n.4 (S.D.W. Va. Mar. 29, 2013*), aff'd sub nom. Ballard v. Bank of Am., NA*, 578 F. App'x 226 (4th Cir. 2014).   "A final judgment is void if rendered in the absence of personal jurisdiction over the parties to be bound."   *Ballard*, 2013 WL 1337356, at *2.  Because "obtaining personal jurisdiction requires compliance with the applicable rules governing service of process . . . a default judgment entered against an improperly served defendant must ordinarily be set aside pursuant to Rule 60(b)(4)." Id. (citations omitted).

Mr. Patel contests the accuracy/veracity of the process server's declaration and argues the default judgment is void, (ECF No. 13, at 6), but only supplies his own unsworn[2] statement asserting:

> I did not receive nor was I personally served with a summons on 4th August 2020 at 1:00 pm as the Filed Proof of Service States.   And I could not have been served

_____

[2] Mr. Patel's statement, while signed by himself, was not signed under the penalties of perjury as permitted by 28 U.S.C. § 1746 or sworn to before a notary or other authorized official.

> with the Summons and Complaint on 14th [sic] August 2020
> at 1:00 pm, because I have a fulltime job with Journey
> Financial Strategies, located in Oklahoma City.
> Furthermore, I am certain that my Coworkers will state
> unequivocally that I was at work on said date and time.

(ECF No. 13, at 11).  A party's own statement, without significant corroboration, is insufficient to overcome the return of service. As discussed by Judge Grimm, the burden on the plaintiff is more onerous:

> Moreover, "[a] process server's filing of a proper proof of service constitutes 'prima facie evidence of valid service of process.'" *Putt-Putt, LLC v. 416 Constant Friendship, LLC*, No. 12-3018-AW, 2013 WL 12246353, at *1 (D. Md. Feb. 13, 2013) (quoting *Ngabo v. Le Pain Quotidien*, No. DKC-11-0096, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011) (quoting *State Highway Admin. v. Kee*, 525 A.2d 637, 532–33 (Md. 1987))).
>
> Certainly, Mr. Johnson now has filed an affidavit in which he states that he does "not recall being served the summons and complaint, and that [he] did not evade any alleged service of process." Johnson Aff. ¶ 5, ECF No. 23-1. Yet, after a "proper return of service" is filed, "'a mere denial of service is not sufficient' to rebut the presumption of validity." *Bd. of Trs. of the Int'l Union of Operating Eng'rs*, 2016 WL 1253285, at *2 (quoting *Wilson v. Md. Dep't of Env't*, 92 A.3d 579, 587 (Md. Ct. Spec. App. 2014)). Rather, "[t]he denial must be supported by 'corroborative evidence by independent, disinterested witnesses.'" *Id.* (quoting *Wilson*, 92 A.3d at 587). Corroborative evidence is required "because the affirmative testimony of the official process server acting in the regular routine of duty without a motive to misrepresent must be preferred to the negative evidence of one claiming not to have been served, either for reasons of public policy or as a matter of probability." *Id.* (quoting *Ashe v. Spears*, 284 A.2d 207, 210 (Md. 1971)). Thus, by offering only his own

>affidavit, Mr. Johnson has failed to rebut the
>presumption of validity of service of process on him.
>*See id.* Therefore, service of process was proper with
>regard to Defendant Johnson, and consequently the
>default was entered properly and the judgment against
>him is not void for lack of personal jurisdiction. *See
>id.; Armco*, 733 F.2d at 1089.

*Flores v. Env't Tr. Sols., Inc.,* No. PWG-15-3063, 2018 WL 2237127, at *4 (D. Md. May 16, 2018).   *See also, Arnold v. Phoenix Spirit Group, LLC*, 7:18-CV-50_D, 2020 WL 1698775 at *4-5 (E.D.N.C. April 7, 2020)("[A] signed return of service . . . can be overcome only by strong and convincing evidence.")   So, too, here.   Mr. Patel has not even supplied his own assertions under oath and has not provided any independent proof of his own whereabouts on August 4. Moreover, he acknowledges having the summons and complaint in early August, which he then forwarded to others as evidenced by the emails supplied by Plaintiff.   Those documents were not mailed to him, but were included in the packet provided for personal service. The judgment, thus, is not void for lack of proper service and the other subsections of Rule 60(b) will be addressed.

**B.   Threshold Showing**

For all of the other subsections of Rule 60(b), the party must make the required threshold showing.   Mr. Patel argues that Choice Hotels will not suffer unfair prejudice because setting aside the default judgment will require Choice to litigate their

claims, and that he presented a meritorious defense because he was not properly served and possibly because he should not be personally liable.  Choice does not assert that there would be the type of prejudice, such as compromise of specific evidence, that is contemplated.  Certainly, there is some harm whenever a judgment is vacated, *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993), but more is required.  Second, although the court has found that Mr. Patel was not improperly served in this case, no such finding has been made concerning the arbitration itself. Moreover, the court is not in a position to determine whether Mr. Patel should have been able to avoid personal liability under the facts he alleges.  Thus, it is not clear that Mr. Patel has made the threshold showing, but even if he had, none of the Rule 60(b) subsections he cites are applicable.

### C.    Rule 60(b)(1):  Excusable neglect

Mr. Patel asserts that he forwarded the suit papers to his uncle and an attorney and, when he did not hear back, he assumed that everything had been handled, and he did not need to respond. Particularly given the history of his association with the hotel, Mr. Patel should not have made that assumption.  As *in U.S. Foodservice, Inc. v. Donahue*, 764 F.Supp.2d 816, 820 (S.D.W.Va. 2011), Mr. Patel "did not take reasonable steps to ensure that

8

[counsel] was actually handling [his] lawsuit." He has not established excusable neglect.

### D.   Rule 60(b)(3): Fraud on the court

Mr. Patel seems to think that the return of service showing personal service on him on August 4 (which he asserts is "false") constitutes fraud on the court. (ECF No. 13, at 9). As noted above, the court cannot find that the return of service is in any way inaccurate because Mr. Patel had the suit papers by August 12 at 9:16 am when he attached them to an email. (ECF No. 17-1, at 1). Moreover, "fraud on the court" is a limited category, reserved for "fraud that seriously affects the integrity of the normal process of adjudication," and does not encompass "fraud between [the] parties . . . even if it involves perjury by a party or witness." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 130 (4th Cir. 2000) (internal quotation marks and citations omitted).

### E.   Rule 60(b)(6):  Any other reason that justifies relief

The catchall sixth reason "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). The situation here does not present such circumstances.

**F.    Reasonable Promptness**

Finally, Mr. Patel did not act with reasonable promptness. He received notices when default was sought and when it was entered.  He waited nearly five months after receiving notice of the default judgment to move for relief, and only did so when collection efforts were made.  *See Prescott v. MorGreen Solar solutions, LLC,* 352 F.Supp.3d 529, 537 (E.D.N.C. 2018) (collecting cases suggesting that delays up to a month might be reasonable under the circumstances, but delay of four months without explanation for the delay would not).

**IV.  Conclusion**

Mr. Patel has not demonstrated that he is entitled to have the default judgment set aside and his motion will be denied.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
